# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR WALTHOUR, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JUDGE JOHN W. HERRON, | : | NO. 17-5197 |
| Defendant | : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                   NOVEMBER 28, 2017

This is the fifth lawsuit that plaintiff Victor Walthour has brought against Judge John W. Herron based on Judge Herron's ruling to remove plaintiff as guardian of his wife. *See Walthour v. Herron*, No. CV 16-2162, 2016 WL 5339582, at *1 (E.D. Pa. Sept. 22, 2016), *aff'd*, No. 16-3944, 2017 WL 5495532 (3d Cir. Nov. 16, 2017). Plaintiff seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint as frivolous and malicious.

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the complaint if it is frivolous or malicious. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.*

1

at 1086. In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Plaintiff has repeatedly been informed that there is no legal basis for his claims against Judge Herron, as those claims are barred by judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Furthermore, Judge Kearney—in addressing one of plaintiff's prior cases—has concluded that plaintiff "is continually abusing the judicial process by filing meritless and repetitive actions" based on his wife's guardianship proceedings, and prohibited plaintiff from filing "further lawsuits based upon his allegations against [Judge Herron, among others,] relating to [the order removing him as guardian of his wife]." *See Walthour v. Herron*, E.D. Pa. Civ. A. No. 16-2162 (ECF No. 29), ¶ 3. The instant case is clearly a malicious, repetitive action that should be dismissed. In the future, the Clerk of Court shall not file additional complaints submitted by plaintiff that fall within the scope of Judge Kearney's order.

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

11/28/17 mail:
Walthour

2